[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11373

_____

D. C. Docket No. 05-00119-CV-J-25MMH

MARITIME TUG & BARGE, INC.,
as owner of the M/V Isabelle C, for exoneration
from or limitation of liability,

Plaintiff-Appellant,

versus

ROYAL INDEMNITY COMPANY,
A Member of Royal Specialty Underwriting, Inc.,
MARTIN K. EBY CONSTRUCTION CO., INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 25, 2007)**

Before CARNES, WILSON and HILL, Circuit Judges.

PER CURIAM:

Maritime Tug & Barge, Inc. appeals from the judgment of the district court dismissing with prejudice its 46 U.S.C. § 185 petition for exoneration from or limitation of liability. It raises two issues.

As to Maritime Tug's contention that we should vacate the district court's judgment and instruct it to dismiss the petition without prejudice, we decline to do so because of the way we interpret the words "with prejudice" in the judgment. The district court dismissed Maritime Tug's § 185 petition because it had not been filed within the six-month time period specified in the section. The dismissal properly was with prejudice as to any future § 185 petition by Maritime Tug. The district court, however, did not have before it a 46 U.S.C. § 183 affirmative defense nor did it rule on the merits of the limitation of liability issue. Accordingly, the district court's judgment does not encompass the § 183 merits issue, and we do not interpret it as being with prejudice as to that issue. Nor do we interpret the district court's judgment as implying any view on whether a state court has jurisdiction to decide the § 183 merits issue; the state courts themselves are quite capable of addressing issues involving their own jurisdiction.

Maritime Tug also contends that the district court abused its discretion in denying as futile the motion to amend the complaint. Insofar as the amended

complaint sought to reassert the § 185 petition, the district court properly denied it. Insofar as the other claims that the motion to amend sought to assert, the amendment may not have been futile. However, given the fact that a proceeding involving those same claims is now pending in state court, it clearly would be within the district court's discretion to dismiss a declaratory judgment action in favor of the state court proceeding. We have no doubt that if we remanded the case with instructions to permit the motion to amend, that is what would happen. Accordingly, we decline to vacate the district court's decision denying the motion to amend.

The bottom line of our decision is that the district court correctly dismissed the § 185 petition without affecting any § 183 defense or other claim or defense that may be asserted in the state court.

**AFFIRMED**.

3